# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO LOPEZ-MOLINA, | : | |
| Petitioner | : | |
| | : | No. 1:17-CV-02147 |
| v. | : | |
| | : | (Judge Kane) |
| CRAIG A LOWE, | : | |
| Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Mario Lopez-Molina's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the constitutionality of his prolonged detention by the United States Department of Homeland Security, Immigration, and Customs Enforcement ("ICE"), at the Pike County Correctional Facility without a bond hearing (Doc. No. 1.) For the reasons stated herein, Lopez-Molina's petition will be granted insofar as he seeks an individualized bond hearing before an immigration judge.

## I.    BACKGROUND

Lopez-Molina is a citizen and native of Honduras who claims to have entered the United States in 2011 without inspection, admission, or parole. (Doc. No. 1 at 2; Doc. No. 6, Ex. 1 at 2, Ex. 2 at 3.) Lopez-Molina was arrested by the Schuylkill Township Police Department on December 14, 2015 for Aggravated Assault, Terroristic Threats, Recklessly Endangering Another Person, and Simple Assault. (Doc. No. 6, Ex. 1 at 2-3.) He was convicted in the Chester County Court of Common Pleas on December 12, 2016 for Aggravated Assault and sentenced to 180-to-362 days of confinement and all other charges were dismissed. (Id. at 1-3; Ex. 2 at 3.)

Lopez-Molina was taken into ICE custody on May 16, 2017 because: (1) he is an alien in the United States who was never admitted or paroled; and (2) he was convicted of a crime

involving moral turpitude. (Id. Ex. 2 at 3; Ex. 3.) He was served a Notice to Appear and requested that an immigration judge review his custody determination. (Id. Ex. 2; Ex. 4.) Lopez-Molina was ordered removed from the United States to Honduras by an immigration judge on September 20, 2017 and was also denied his application for voluntary departure, application for asylum and withholding of removal. (Id. Ex. 5.) He appealed the immigration judge's order to the Board of Immigration Appeals ("BIA"), on October 2, 2017. (Id. Ex. 6.) Briefs were due to be filed on December 13, 2017. (Id.)

On November 22, 2017, Lopez-Molina filed the instant petition for a writ of habeas corpus seeking an individualized bond hearing before an immigration judge or, alternatively, to be released from custody under an order of supervision. (Doc. No. 1 at 5.) He contends that his prolonged detention of over six months is unreasonable. (Id.) The Court issued an Order on December 1, 2017, directing Respondent to show cause as to why relief should not be granted. (Doc. No. 3.) On December 19, 2017, Respondent filed a response to the petition conceding that based upon the facts and procedural posture of this case, that Petitioner is entitled to an individualized bond hearing before an immigration judge. (Doc. No. 6.) See Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015); Demore v. Kim, 538 U.S. 510 (2003); Singh v. Sabol, No. 14-CV-1927, 2015 WL 3519075 (M.D. Pa. June 4, 2015). The petition is now ripe for disposition.

## II. DISCUSSION

In the instant petition, Lopez-Molina challenges the constitutionality of his prolonged detention without a bond hearing. (Doc. No. 1.) Lopez-Molina's detention is authorized pursuant to 8 U.S.C. § 1226(c), which provides for the mandatory detention, without bond while removal proceedings are pending, of those aliens who committed certain enumerated categories

of criminal offenses.  See 8 U.S.C. § 1226(c)(1).  "The Supreme Court left no doubt that the Government's authority under section 1226(c) to detain aliens without an opportunity for bond complies with the Constitution.  Chavez-Alvarez, 783 F.3d 469, 473 (3d Cir. 2015) (citing Demore v. Kim, 537 U.S. 510, 531 (2003)).

The United States Court of Appeals for the Third Circuit in Diop v. ICE/Homeland Sec., 656 F.3d 221, 221 (3d Cir. 2011), and more recently in Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469, 475 (3d Cir. 2015), examined the constitutionality of prolonged detention under Section 1226(c) pending a final order of removal.  In Diop, the Third Circuit recognized that Section 1226(c) "implicitly authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community," and found that the petitioner's thirty-five month detention pending a final order of removal was unreasonably prolonged.  656 F.3d at 235.  In Chavez-Alvarez, the Third Circuit expounded on the reasonableness approach, holding that in cases where a petitioner brings a good-faith challenge to his removal from the United States:

> [B]eginning sometime after the six-month timeframe considered by Demore, and certainly by the time [a petitioner] had been detained for one year, the burdens to [the petitioner]'s liberties outweigh [] any justification for using presumptions to detain him without bond to further the goals of the statute.  We conclude that the underlying goals of the statute would not have been, and will not now be undermined by requiring the Government to produce individualized evidence that [the petitioner]'s continued detention was or is necessary.

Chavez-Alvarez, 783 F.3d at 478.

Accordingly, where a petitioner's detention extends beyond the six-month to one-year time frame, the reviewing court should order an individualized bond hearing to

determine "whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." Diop, 656 F.3d at 231; Chavez-Alvarez, 783 F.3d at 475. Moreover, at the individualized bond hearing, the "Government bears the burden of proving that continued detention is necessary to fulfill the purposes of the detention statute." Diop, 656 F.3d at 233.

With the above framework in mind, it is evident that Lopez-Molina has shown that he is entitled to an individualized bond hearing. The Court has no reason to suspect that his legal challenge to this case is not presented in good faith. See Chavez-Alvarez, 783 F.3d at 478. Also, his prolonged mandatory detention without a bond hearing has approached nearly seven months. Id. at 478. Therefore, the Court concludes that Lopez-Molina is entitled to an individualized bond hearing where the government will have the burden of demonstrating that continued detention is necessary to fulfill the purposes of Section 1226(c).[1]

### III. CONCLUSION

For the reasons set forth above, Petitioner Mario Lopez-Molina's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), will be granted to the extent that

---

[1] The Third Circuit noted that an immigration judge can, and often should, make an initial bond determination. Chavez-Alvarez, 783 F.3d at 478 n.12; see also Leslie v. Holder, 865 F. Supp. 2d 627, 631 (M.D. Pa. 2012) (providing that "deference . . . should be accorded in the first instance to agency decision-making processes."). Federal courts frequently defer to immigration judges under these circumstances, rather than conducting their own bond hearing. See, e.g., Casas-Castrillon v. Dep't of Homeland Sec., 535 F.3d 942 (9th Cir. 2008); Singh v. Sabol, No. 1:14-CV-1927, 2015 WL 3519075, at *6 (M.D. Pa. June 4, 2015). Accordingly, the Court will direct that Petitioner's individual bond hearing will be before an immigration judge, at which time the government will bear the burden of proving that Petitioner's continued detention is necessary.

Petitioner will be afforded an individualized bond hearing before an immigration judge. An appropriate Order follows.